HUTCHINSON v. THE BOARD OF EQUALIZATION OF THE CITY OF OSKALOOSA.

1. **Taxation**: EQUALIZING ASSESSMENT:· EVIDENCE CONSIDERED. The defendant raised plaintiff's personal assessment from $440 to $10,440, and assessed him as agent in the sum of $20,000, but, on appeal to the circuit court, his personal assessment was reduced to $440, and his assessment as agent was stricken out. Upon consideration of the evidence, (see opinion,) *held* that the judgment of the circuit court was just and right.

*Appeal from Mahaska Circuit Court.*

FRIDAY, SEPTEMBER 25.

THE plaintiff was assessed upon his moneys and credits at $440. The board of equalization in the city in which he resides, to-wit, the city of Oskaloosa, raised his assessment from $440 to $10,440, and, in addition thereto, assessed him as agent of the Colonial & United States Mortgage Company

in the sum of $20,000. The plaintiff, feeling aggrieved by the action of the board, appealed therefrom to the circuit court of Mahaska county. Upon hearing, the court reversed the action of the board by reducing his individual assessment to $440, as it stood originally, and by striking out altogether his assessment as agent. From the order of the circuit court the defendant appeals.

*James A. Rice* and *L. C. Blanchard*, for appellant.

*John O. Malcom* and *J. F. Lacey*, for appellee.

ADAMS, J.—The assessment in question is that of 1883. The defendant claims, as we understand, that the plaintiff's own testimony shows that his individual assessments ought not to have been reduced, but should have been even more than the amount to which it was raised by the board. But we think otherwise. The plaintiff testified that his moneys and credits amounted to $10,000, but that his indebtedness amounted to $29,900. Taking this statement to be correct, there was, of course, nothing in the action of the circuit court of which the defendant could properly complain. But the defendant claims that it is not correct, as shown by other testimony of the plaintiff. The indebtedness for which the plaintiff claims a deduction arose by reason of promissory notes given to Henry and Deborah Hutchinson, of England. The defendant claims that this indebtedness is a fiction, and that the real fact is that, while he may have received money from these persons, to whom he says he was indebted, he received it as their agent, and does not owe them the money. But in our opinion the evidence shows otherwise. It may be that he had theretofore received their money as agent, and perhaps the identical money in question, but he might in good faith borrow it, and we see nothing in the evidence which shows that the claimed indebtedness is not a real one.

It is said, however, conceding that he owed Henry and

Deborah Hutchinson the amount claimed, that there should have been no reduction of his assessment, because the evidence shows that he had from them a much larger amount than $10,000, which, if borrowed, became moneys or credits in his hands, and so the amount of $10,000 testified to by him as his moneys and credits was too small. But it may be that a part was received as agent, and, if so, he was not assessable with the same as his own. Whether he was assessable with the same as agent, we need not determine. He was not so assessed, and no question of that kind is before us.

We come next to consider whether the court erred in striking but the $20,000 as the assessment of the plaintiff as agent of the Colonial & United States Mortgage Company. This assessment appears to have been made on account of a loan of money, amounting to $50,000, made upon the note and mortgage of one Nathan Towne. The loan was made in February, 1882, by the plaintiff from his own money; and the Colonial & United States Mortgage Company became the owner of the note and mortgage in April of that year. Who owned them on the first day of January, 1883, does not appear, nor is it material. There is no evidence that the plaintiff sustained any such relation to them that he was assessable on account thereof as the agent of the Colonial & United States Mortgage Company.

We see no error in the ruling of the circuit court, and the judgment must be

AFFIRMED.